**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4554**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEAN TRENT BARNES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-cr-00158-D-1)

Submitted: May 30, 2019                    Decided: June 7, 2019

Before GREGORY, Chief Judge, and WYNN and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dhamian A. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Trent Barnes pled guilty pursuant to a plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2012). The district court calculated Barnes's Guidelines range under the U.S. Sentencing Guidelines Manual (2016) at 360 months to life imprisonment and sentenced Barnes to 360 months' imprisonment.

On appeal, Barnes's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but raising as issues for review whether the district court reversibly erred in granting Barnes's request to represent himself and whether the 360-month sentence is reasonable. With respect to that sentence, counsel questions whether the district court erred in enhancing Barnes's offense level two levels under USSG § 2D1.1(b)(1) for possession of a firearm, whether the court erred in enhancing his offense level four levels under USSG § 3B1.1(a) for his aggravating role as an organizer or leader, whether the court erred in declining to reduce his offense level under USSG § 3E1.1 for acceptance of responsibility, and whether the sentence is substantively reasonable. Barnes was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a responsive brief and does not seek to enforce the appeal waiver in Barnes's plea agreement.[*] We affirm.

---

[*] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

We review de novo a district court's determination that a defendant has waived his Sixth Amendment right to counsel. *United States v. Singleton*, 107 F.3d 1091, 1097 n.3 (4th Cir. 1997). The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. *Faretta v. California*, 422 U.S. 806, 819 (1975). The decision to represent oneself must be knowing and intelligent, *id.* at 835, and courts must entertain every reasonable presumption against waiver of counsel. *Brewer v. Williams*, 430 U.S. 387, 404 (1977). The record must show that the waiver was clear, voluntary, knowing, and intelligent. *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013).

Although a district court must determine whether a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, as long as the court warns the defendant of the dangers of self-representation so that "'his choice is made with his eyes open.'" *United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978) (quoting *Faretta*, 422 U.S. at 835). "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); see *Singleton*, 107 F.3d at 1097-98 (court must consider record as a whole, including defendant's background, capabilities, and understanding of dangers and disadvantages of self-representation).

Here, we find that the district court did not err in granting Barnes's request to waive counsel and represent himself. An examination of the record demonstrates that

3

Barnes's election to waive counsel and proceed pro se was clear, knowing, intelligent, and voluntary. The district court's colloquy was detailed and complete, and Barnes confirmed under oath that he fully understood his choice. Barnes's former counsel was available to assist Barnes as standby counsel, and Barnes has not pointed on appeal to anything in the record tending to suggest or show that his choice to represent himself was not clear, knowing, intelligent, and voluntary.

Turning to Barnes's sentence, although we review it for reasonableness under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41, 51 (2007), we review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-77 (4th Cir. 2010). Our review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

We conclude that Barnes's sentence is reasonable. The district court correctly calculated Barnes's Guidelines range, treated that range as advisory, listened to argument from Barnes and counsel for the Government and heard Barnes's allocution, and adequately explained its reasons for imposing the 360-month sentence. As counsel correctly concludes, the district court did not reversibly err in enhancing Barnes's offense level under USSG § 2D1.1(b)(1). The enhancement is supported by sentencing testimony credited by the district court establishing that Barnes possessed three firearms and his codefendant possessed one while engaged in an operation to distribute methamphetamine. *See* USSG § 2D1.1(b)(1) & cmt. n.11(A); *United States v. Gomez-Jimenez*, 750 F.3d 370, 381 (4th Cir. 2014); *United States v. Manigan*, 592 F.3d 621, 628-29 (4th Cir. 2010). Barnes points on appeal to nothing in the record suggesting the connection between the firearms and his drug distribution activity was "clearly improbable." *United States v. Slade*, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted).

The court also did not reversibly err in enhancing Barnes's offense level under USSG § 3B1.1(a) for Barnes's aggravating role as an organizer or leader. The enhancement is supported by sentencing testimony credited by the district court and portions of the presentence report adopted by the district court without dispute from Barnes establishing his criminal activity involved five or more participants and that he exercised control over a codefendant. *See* USSG § 3B1.1(a) & cmt. n.1; *Slade*, 631 F.3d at 190; *United States v. Rashwan*, 328 F.3d 160, 166 (4th Cir. 2003) ("Leadership over only one other participant is sufficient as long as there is some control exercised.").

5

We review for plain error the district court's denial to Barnes of an offense level reduction for acceptance of responsibility. *Lynn*, 592 F.3d at 576-77. The district court, we conclude, did not plainly err in denying Barnes an offense level reduction for acceptance of responsibility under USSG § 3E1.1 based on Barnes's post-plea denial that his guilty plea was knowing and voluntary and denial of relevant conduct the district court determined to be true. *See* USSG § 3E1.1 cmt. n.1(A) ("[A] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]"); *see also United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004) (quoting *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996)) (explaining that an adjustment for acceptance of responsibility does not result automatically from entry of a guilty plea; rather, to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct"). Further, as Barnes offers nothing to rebut the presumption of substantive reasonableness this court affords his within-Guidelines sentence, we conclude that his sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation. Counsel's motion must

state that a copy of the motion was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*